UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                   Criminal Case No. 18-20393
                                                   Honorable Linda V. Parker

LEWIS DARNELL PAYNE,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE

On October 1, 2019, Defendant Lewis Darnell Payne pleaded guilty pursuant to a Rule 11 Plea Agreement to possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). On January 27, 2020, the Court sentenced Defendant to 130 months of incarceration, followed by 60 months of supervised release. (ECF No. 35.) The matter is presently before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582. (ECF No. 37.)

Defendant cites several factors as constituting extraordinary and compelling circumstances warranting his early release: (1) the threat of contracting COVID-19; (2) his wife's loss of employment and consequent inability to provide for their 13-year-old son; and (3) his Prisoner Assessment

Tool Targeting Estimated Risk and Needs (PATTERN) score from the Bureau of Prisons.  When evaluating these factors in conjunction with one another, Defendant argues he has met the threshold of an extraordinary and compelling circumstance.  (ECF No. 37.)

## Applicable Law

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."    18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary

correctional services and treatment. *See* 18 U.S.C. § 3553(a). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies. (ECF No. 39.) The Government disputes, however, whether the asserted extraordinary and compelling circumstances warrant Defendant's release. The Government also argues that the § 3553(a) factors do not support a reduction in Defendant's sentence.

## Analysis

Beginning with Defendant's fear of contracting COVID-19, it is widely acknowledged, based on expert guidance, that there is a greater risk of COVID-19 infection for incarcerated individuals, and a particular risk of serious outcomes for infected individuals who are 60 years of age or older or who have certain underlying medical conditions. *See COVID-19 Information for Specific Groups of People,* CDC, https://perma.cc/54WW-DRA4 (last visited Feb. 3, 2022).

Defendant is 48 years old, and aside from a recurring case of dermatitis, has presented no evidence of a medical condition that places him at a heightened risk of a severe outcome if he contracts COVID-19. (*See* ECF. No. 37.) Defendant is also fully vaccinated, and although full vaccination status does not in and of itself

bar someone from being granted compassionate release based on COVID-19 concerns, it is a factor to be weighed in conjunction with the facts of each case. (ECF No. 39.)  Courts in the Eastern District of Michigan "routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19." *See, e.g., United States v. Collier*, No. 2:15-CR-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (collecting cases).  Considering Defendant's age, lack of high-risk conditions recognized by the CDC, and vaccination status, the burden of an extraordinary and compelling circumstance has not been met.

With respect to Defendant's second claim, the Court does not find that his wife's lack of employment constitutes an extraordinary and compelling circumstance.  There is a distinction between being the sole financial provider and the sole caregiver of a family member.  Many district courts have found that when "…it can be shown that family members, including minor children, are in dire need of a defendant's caregiving, and other family members are afflicted by incapacitating, life-threatening illnesses…" compassionate release is warranted. *See United States v. Seals*, 509 F. Supp. 3d 259, 263 (E.D. Pa. 2020) (collecting cases).  On the other hand, many district courts have also found that when a "…caregiver is inconvenienced by the defendant's incarceration, or is somewhat sick, but not incapacitated…" that compassionate release is not warranted.  *Id.*

Defendant's case is more similar to the latter, and district courts "…routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor or child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child." *United States v. Gibson*, No. 11-20551, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021). Plainly, financial needs are an insufficient reason to grant compassionate release. *See United States v. Morales*, No. 4:18-CR-00199-01 SWW, 2020 WL 6787976, at *1 (E.D. Ark. Nov. 18, 2020).

Even so, Defendant has not provided any documentation supporting the claim that his wife is unable to work to provide for their 13-year-old son. He has also not provided any documentation to support the claim that she suffers from a medical condition incapacitating her. Apart from an alleged revocation of her medical license, the Court cannot conclude from the record that Defendant is the only viable provider for his 13-year-old son.

Lastly, Defendant argues that in light of his favorable PATTERN score, his sentence is inherently unreasonable and thus meets the threshold of an extraordinary and compelling circumstance. In addressing whether post-sentencing rehabilitation constitutes an extraordinary and compelling circumstance, the Sixth Circuit citing 28 U.S.C. § 994(t) has ruled that "… rehabilitation of the defendant alone shall not be considered an extraordinary

and compelling…" circumstance. *See United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Since the Court has found the aforementioned two reasons raised by Defendant to be unconvincing, the Court cannot rely on his rehabilitation efforts alone.

For these reasons, Defendant fails to show that extraordinary and compelling circumstances warrant his release. As such, the Court finds it unnecessary to determine whether the factors in § 3553(a) support his release.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager